SETTLEMENT CONFERENCE ISSUES

Experience shows that in negotiations the party who is best prepared usually obtains the most satisfactory result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A. FORMAT

    1. Parties with ultimate settlement authority must be personally present.

    2. The Court will use a mediation format, including private caucusing with each side; the judge may address your client directly.

    3. Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

B. ISSUES

    1. What issues (in and outside of this lawsuit) need to be resolved?

    2. What are the strengths and weaknesses of each issue? What is your most persuasive argument? What is your opponent's most persuasive argument?

    3. What remedies are available?

    4. Is there any ancillary litigation pending/planned which affects case value?

    5. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

    6. Do attorneys fees, other expenses, or liens affect settlement? Have you communicated this to the other side? Why not?

C. AUTHORITY

    1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the court immediately.

D. NEGOTIATIONS

1. Where did your last discussions end? Are you sure?

2. Should you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times? How do you explain to the other party the change in value?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

7. What are the transactional costs to continue this litigation?

E. CLOSING

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want court involvement in these talks?