IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HANESBRAND, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SEDUZIONE LEGGS, LLC, et al., )<br>)<br>Defendants. ) | Case No. 4:11-CV-00569-BCW |

**ORDER**

Before the Court are Plaintiffs' Motion to Lift Stay and for Additional Relief (Doc. #40) and Defendants' Motion for Appointment of Counsel (Doc. #42). Although a civil litigant does not have a constitutional or statutory right to a court-appointed attorney, the District Court may make such an appointment at its discretion. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Rayes v. Johnson, 969 F.2d 700, 702-03 (8th Cir. 1992) (citing 28 U.S.C. § 1915(e)).

The Eighth Circuit has identified factors the District Court must consider with a request for court-appointed counsel. Rayes, 969 F.2d at 703. The Court must consider the party's inability to obtain counsel on its own and the party's need for an attorney. Id.; In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986) (citation omitted). The inquiry into a party's need for counsel should focus on the following non-exclusive factors: (1) the factual and legal complexity of the case; (2) the party's ability to investigate the facts and present the claim; (3) the existence of conflicting testimony; and (4) the likelihood the party and the Court will benefit from the assistance of counsel. Rayes, 969 F.2d at 703; In re Lane, 801 F.2d at 1043-44.

1

Furthermore, the party must make "a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319 (9th Cir. 1981). In Bradshaw, the court found contacting ten (10) attorneys was sufficient. Another court found contacting four (4) attorneys satisfied the diligence requirement. See Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local No. 36, 614 F.2d 529, 531 (5th Cir. 1980).

The Court, being duly advised of the premises in the record and after weighing the factors articulated above, finds an appointment of counsel to represent Defendants is warranted in this matter. Due to Defendants' financial condition and status, the Court appoints an attorney at the law firm of Polsinelli Shughart P.C. to represent Defendant Lisa Goshon and Defendant Seduzione Leggs, LLC. The appointed attorney's representation shall be on a pro bono basis. An attorney at Polsinelli Shughart P.C. will contact Defendant Lisa Goshon within a reasonable period of time from today's date. Accordingly, it is hereby

ORDERED Plaintiffs' Motion to Lift Stay and for Additional Relief (Doc. #40) is GRANTED in part and DENIED in part. It is further

ORDERED Defendants' Motion for Appointment of Counsel (Doc. #42) is GRANTED in part and DENIED in part. It is further

ORDERED an attorney at the law firm of Polsinelli Shughart P.C. shall enter his or her appearance on behalf of Defendant Lisa Goshon and Defendant Seduzione Leggs, LLC within thirty (30) days from today's date. It is further

ORDERED the parties shall appear at a settlement conference before Judge Sarah W. Hays within one hundred and twenty (120) days from today's date. Judge Hays'

chambers will contact the parties at the appropriate time to schedule the settlement conference. It is further

ORDERED if all claims are not resolved on or before the settlement conference with Judge Hays, then the Court will lift the stay in this matter. It is further

ORDERED the appointed attorney may be given leave to withdraw from this matter upon a showing of good cause.

IT IS SO ORDERED.

DATED: November 28, 2012

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT